IN THE UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF TEXAS
FORT WORTH DIVISION

| | | |
|---|---|---|
| LEROY MARQUEE JONES, | § | |
| | § | |
| Movant, | § | |
| | § | |
| V. | § | NO. 4:25-CV-341-O |
| | § | (NO. 4:23-CR-078-O) |
| UNITED STATES OF AMERICA, | § | |
| | § | |
| Respondent. | § | |

**MEMORANDUM OPINION AND ORDER**

Came on for consideration the motion of Leroy Marquee Jones under 28 U.S.C. § 2255 to vacate, set aside, or correct sentence by a person in federal custody. The Court, having considered the motion, the response, the reply, the record, and applicable authorities, concludes that the motion must be **DENIED**.

**I.   BACKGROUND**

On March 29, 2023, Movant was named in a one-count indictment charging him with conspiracy to possess with intent to distribute 400 grams or more of a mixture and substance containing a detectable amount of fentanyl, in violation of 21 U.S.C. § 846. CR ECF No.[1] 17. Movant entered a plea of not guilty. CR ECF No. 24. On June 8, 2023, he was named in a one-count superseding information charging him with conspiracy to possess with intent to distribute a mixture or substance containing a detectable amount of fentanyl, in violation of 21 U.S.C. § 846. CR ECF No. 42. Movant and his counsel signed a waiver of indictment, CR ECF No. 44, a factual resume, CR ECF No. 45, and a plea agreement. CR ECF No. 46. The factual resume set forth the

---

[1] The "CR ECF No. __" reference is to the number of the item on the docket in the underlying criminal case, No. 4:23-CR-078-O.

maximum penalties Movant faced, the elements of the offense charged by the superseding information, and the stipulated facts establishing that Movant had committed the offense. CR ECF No. 45. The plea agreement set forth the penalties Movant faced, the Court's sentencing discretion and role of the guidelines, the government's agreement not to bring additional charges against Movant based on the conduct underlying and related to the guilty plea and to dismiss any remaining charges after sentencing, that the plea was freely and voluntarily made and not the result of force, threats, or promises, Movant's waiver of his right to appeal except in certain limited circumstances, that Movant had thoroughly reviewed all of the legal and factual aspects of his case with counsel and was fully satisfied with his legal representation, and that the written agreement was a complete statement of the parties' agreement. CR ECF No. 46.

On June 14, 2023, Movant appeared in open court for arraignment on the superseding information and testified under oath that: he and counsel had discussed the matter of sentencing and how the guidelines might apply in his case; he understood that the Court was not bound by the stipulated facts; he had received a copy of, read, and understood the superseding information; he understood the essential elements of the offense charged and committed all of them; he was fully satisfied with the representation and advice he had received from counsel; he had read, signed, and understood the plea agreement; all of the terms of his agreement with the government were set out in the plea agreement; he voluntarily and of his own free will entered into the plea agreement; no one had made any promise, assurance, or threat of any kind to induce him to enter into the plea agreement; he understood the penalties he faced; he understood that the government made two promises in the plea agreement—not to bring any additional charges based on the conduct underlying and related to the plea and to dismiss and remaining charges after sentencing; and, he

2

read and understood the factual resume before signing it and the facts stated therein were true and correct. CR ECF No. 92.

The probation officer prepared the presentence report ("PSR"), which reflected that Movant's base offense level was 34. CR ECF No. 57, ¶ 24. He received two-level enhancements for possession of a weapon, *id.* ¶ 25, and maintaining a drug premises. *Id.* ¶ 26. He received a four-level enhancement for being an organizer or leader of a criminal activity that involved five or more participants or was otherwise extensive. *Id.* ¶ 28. He received a two-level and a one-level adjustment for acceptance of responsibility. *Id.* ¶¶ 32, 33. Based on a total offense level of 39 and a criminal history category of IV, Movant's guideline imprisonment range was 360 months to life; however, the statutorily-authorized maximum sentence was 20 years, so the guideline range became 240 months. *Id.* ¶ 73. Movant greatly benefitted from the plea agreement. *Id.* ¶ 75. Movant filed objections, CR ECF No. 69, and the probation officer prepared an addendum to the PSR. CR ECF No. 71. The addendum corrected the PSR to reflect that Movant's criminal history category was III; however, the guideline range remained 240 months. *Id.*

The Court sentenced Movant to a term of imprisonment of 240 months. CR ECF No. 81. Movant appealed. CR ECF No. 84. His counsel filed a motion for leave to withdraw and a brief in accordance with *Anders v. California*, 386 U.S. 738 (1967). The Fifth Circuit concurred with counsel's assessment that the appeal presented no nonfrivolous issue for appellate review and dismissed the appeal. *United States v. Jones*, No. 23-11152, 2024 WL 4635415 (5th Cir. Oct. 31, 2024).

**II.     GROUND OF THE MOTION**

Movant asserts one ground in support of his motion, contending that the government breached the plea agreement by advocating for the leader/organizer enhancement. ECF No.[2] 1 at 4, 23–29.[3]

**III.    APPLICABLE LEGAL PRINCIPLES**

After conviction and exhaustion, or waiver, of any right to appeal, courts are entitled to presume that a defendant stands fairly and finally convicted. *United States v. Frady*, 456 U.S. 152, 164 (1982); *United States v. Shaid*, 937 F.2d 228, 231-32 (5th Cir. 1991). A defendant can challenge his conviction or sentence after it is presumed final on issues of constitutional or jurisdictional magnitude only and may not raise an issue for the first time on collateral review without showing both "cause" for his procedural default and "actual prejudice" resulting from the errors. *Shaid*, 937 F.2d at 232.

Section 2255 does not offer recourse to all who suffer trial errors. It is reserved for transgressions of constitutional rights and other narrow injuries that could not have been raised on direct appeal and would, if condoned, result in a complete miscarriage of justice. *United States v. Capua,* 656 F.2d 1033, 1037 (5th Cir. Unit A Sept. 1981). In other words, a writ of habeas corpus will not be allowed to do service for an appeal. *Davis v. United States*, 417 U.S. 333, 345 (1974); *United States v. Placente*, 81 F.3d 555, 558 (5th Cir. 1996). Further, if issues "are raised and considered on direct appeal, a defendant is thereafter precluded from urging the same issues in a

---

[2] The "ECF No. __" references are to the number of the item on the docket in this civil action.
[3] The page number references are to "Page __ of 127" reflected at the top right portion of the document on the Court's electronic filing system.

later collateral attack." *Moore v. United States*, 598 F.2d 439, 441 (5th Cir. 1979) (citing *Buckelew v. United States*, 575 F.2d 515, 517-18 (5th Cir. 1978)).

## IV.   ANALYSIS

Movant's argument is based on the contention that by allowing Movant to delete a sentence from the factual resume, the government agreed that it would not advocate for the leader/organizer enhancement. The sentence struck read: "George was employed by [Movant] to work as armed security to protect the drug involved premises." CR ECF No. 45 at 2. Movant's counsel asked that the sentence be struck because counsel did not "want to lock [Movant] in to leader organizer." *Id.* at 31. The government responded, "You can mark it out." *Id.* at 33.

First, the government argues that this claim is barred because it was not raised on appeal. ECF No. 4 at 7. Movant did try to raise the issue in his response to counsel's *Anders* brief, *United States v. Jones*, No. 23-11152, ECF No. 38 (5th Cir. May 23, 2024), but the Fifth Circuit determined that the record was not sufficiently developed to consider it. *Jones*, 2024 WL 4635415. Further, the appeal waiver in the plea agreement does not bar pursuit of a claim of breach of a plea agreement. *United States v. Roberts*, 624 F.3d 241, 244 (5th Cir. 2010). Thus, it appears that the claim is properly presented here.

As for the merits, Movant has not shown that the government breached the plea agreement. The only promises made by the government in the plea agreement were that it would not bring additional charges based on the conduct underlying the plea and that it would dismiss any remaining charges against Movant. CR ECF No. 46, ¶ 9. The plea agreement set forth the entirety of the agreement between the parties. *Id.* ¶ 14. As Movant was cautioned at arraignment on the superseding information, and stated that he understood, the Court could take into account facts

5

other than those stipulated. CR ECF No. 92 at 19–20. The government kept its agreement. *See United States v. Melendez-Gonzalez*, 690 F. App'x 170, 171 (5th Cir. 2017) (citing cases) (government does not breach plea agreement by advocating enhancements based on relevant conduct when the plea agreement does not provide otherwise). Nothing in the documents Movant references provides otherwise.[4]

In his reply, Movant argues that he received ineffective assistance from counsel with regard to the breach of the plea agreement. ECF No. 9. However, ineffective assistance is a new ground raised after the government filed its response. It will not be considered. *United States v. Jackson*, 426 F.3d 301, 304 n.2 (5th Cir. 2005) (arguments raised for the first time in a reply brief, even by a pro se litigant, are waived); *United States v. Cervantes*, 132 F.3d 1106, 1111 (5th Cir. 1998) (explaining that a movant has no right to amend without leave after the government files its response to a § 2255 motion); *United States v. Armstrong*, 951 F.2d 626, 630 (5th Cir. 1992) (same).

Even if the Court is mistaken, Movant cannot prevail on his claim of ineffective assistance of counsel. To prevail on an ineffective assistance of counsel claim, the movant must show that (1) counsel's performance fell below an objective standard of reasonableness and (2) there is a reasonable probability that, but for counsel's unprofessional errors, the result of the proceedings would have been different. *Strickland v. Washington*, 466 U.S. 668, 688, 694 (1984). "[A] court need not determine whether counsel's performance was deficient before examining the prejudice

---

[4] As Movant's counsel noted in the email to the government, he did not want to "lock" Movant in as a leader/organizer. In other words, counsel thought that the stipulation could be interpreted as an admission that Movant was a leader/organizer. Counsel wanted to be able to make the argument that the enhancement should not apply, which he did by filing objections to the PSR and arguing them at sentencing. For the reasons set forth in the PSR and addendum, Movant qualified as a leader/organizer and the objection to the enhancement was overruled. CR ECF No. 88 at 9.

suffered by the defendant as a result of the alleged deficiencies." *Strickland*, 466 U.S. at 697; *see also United States v. Stewart*, 207 F.3d 750, 751 (5th Cir. 2000). "The likelihood of a different result must be substantial, not just conceivable," *Harrington v. Richter*, 562 U.S. 86, 112 (2011), and a movant must prove that counsel's errors "so undermined the proper functioning of the adversarial process that the trial cannot be relied on as having produced a just result." *Cullen v. Pinholster*, 563 U.S. 170, 189 (2011) (quoting *Strickland*, 466 U.S. at 686). Judicial scrutiny of this type of claim must be highly deferential and the defendant must overcome a strong presumption that his counsel's conduct falls within the wide range of reasonable professional assistance. *Strickland*, 466 U.S. at 689. Simply making conclusory allegations of deficient performance and prejudice is not sufficient to meet the *Strickland* test. *Miller v. Johnson*, 200 F.3d 274, 282 (5th Cir. 2000).

For the reasons discussed, Movant has not established that the government breached the plea agreement. To the extent that Movant is contending that his plea was not knowing and voluntary because trial counsel misled him or gave him erroneous advice, the record establishes otherwise. At arraignment, Movant testified under oath that: he understood that the Court was not bound by the stipulated facts; he was fully satisfied with the representation and advice he had received from counsel; all of the terms of his agreement with the government were set out in the plea agreement; he voluntarily and of his own free will entered into the plea agreement; no one had made any promise, assurance, or threat of any kind to induce him to enter into the plea agreement; he understood the penalties he faced; and, he understood that the government made two promises in the plea agreement—not to bring any additional charges based on the conduct

underlying and related to the plea and to dismiss and remaining charges after sentencing. CR ECF No. 92.

The plea agreement set forth all of the terms of Movant's agreement with the government. CR ECF No. 46. It reflected that Movant had reviewed the guidelines with counsel and understood that no one could predict with certainty the outcome of the Court's consideration of the guidelines in his case. *Id.* ¶ 5. It reflected that the plea was made freely and voluntarily and was not the result of promises other than those set forth and that there had been "no guarantees or promises from anyone as to what sentence" would be imposed. *Id.* ¶ 11. Moreover, Movant had thoroughly reviewed all legal and factual aspects of his case with counsel and was fully satisfied with his legal representation. *Id.* ¶ 13.

The plea agreement is entitled to a presumption of regularity and carries great evidentiary weight. *United States v. Abreo*, 30 F.3d 29, 32 (5th Cir. 1994). Movant's solemn declarations in open court, admitting among other things that he understood the charges against him, the penalties he faced, that his plea was knowing and voluntary, and that he was fully satisfied with counsel, carry a strong presumption of verity. *Blackledge v. Allison*, 431 U.S. 63, 74 (1977). Movant has not produced any independent indicia of the likely merit of any of his allegations to refute his sworn testimony and is not entitled to an evidentiary hearing. *United States v. Cervantes*, 132 F.3d 1106, 1110 (5th Cir. 1998).

Even if Movant could show that his plea was not voluntary, he could not show prejudice, as there is no reason to believe that he would have insisted on going to trial but for this alleged deficient performance. *Hill v. Lockhart*, 474 U.S. 52, 59 (1985). The Court "should not upset a plea solely because of *post hoc* assertions from a defendant about how he would have pleaded but

for his attorney's deficiencies. Judges should instead look to contemporaneous evidence to substantiate a defendant's expressed preferences." *Lee v. United States*, 582 U.S. 357, 369 (2017). Movant's solemn declarations in open court establish his mindset at the time of the plea. *United States v. Valdez*, 973 F.3d 396, 405–06 (5th Cir. 2020). The evidence against Movant was overwhelming. Had he not entered into the plea agreement, he would have been subject to a much longer term of imprisonment. The plea capped the term at 20 years. CR ECF No. 71 at 2 (Movant's guideline range was 324 to 405 months, but became 240 months because of the plea agreement).

Finally, appellate counsel cannot have rendered ineffective assistance in failing to raise a claim that would not have had merit. Counsel is only required to raise those arguments likely to succeed. *Davila v. Davis*, 582 U.S. 521, 533 (2017).

## V. CONCLUSION

For the reasons discussed herein, the relief sought in Movant's motion is **DENIED**.

Further, pursuant to 28 U.S.C. § 2253(c), for the reasons discussed herein, a certificate of appealability is **DENIED**.

**SO ORDERED** on this **11th day** of **August, 2025**.

Reed O'Connor
**UNITED STATES DISTRICT JUDGE**